# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA

v.                      No. 4:08CR00138 JLH

ANTONIO YANCY

**ORDER**

Antonio Yancy has sent the Court a motion in which he asks for a sentence reduction under 18 U.S.C. § 3582. He has also sent a letter, which the Court construes as a motion for appointment of new counsel.

The motion for sentence reduction requests that the Court reduce Yancy's sentence because Yancy was awarded "recency points" in the calculation of his criminal history points, and the Sentencing Commission has since amended the guidelines so as to remove the enhancement for recency points.

Antonio Yancy pled guilty to one count of possession of a stolen firearm, a violation of 18 U.S.C. § 922(j). He was sentenced on January 28, 2010. After a three-point reduction for acceptance of responsibility, Yancy had an offense level of 23. He had fifteen criminal history points, which created a criminal history category of VI. The guideline range was 92-115 months imprisonment. The Court sentenced Yancy to a term of 108 months in the Bureau of Prisons.

One of the criminal history points was assessed pursuant to *United States Sentencing Commission Guidelines Manual* (November 1, 2009) § 4A1.1(e), because Yancy committed the offense less than two years after release from imprisonment. Amendment 742, which was effective on November 1, 2010, deleted section 4A1.1(e) from the guidelines manual. Yancy now argues that his sentence should be reduced because that enhancement should not apply.

The sentencing statute provides, in part, that the Court may not modify a term of imprisonment once it has been imposed except in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Court may reduce a sentence in that circumstance "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id*. The policy statements of the Commission on this topic are found in *United States Sentencing Commission Guidelines Manual* (November 1, 2011) § 1B1.10. That section of the guidelines manual states, in pertinent part, that a reduction of a defendant's term of imprisonment is not authorized if none of the amendments listed in subsection (c) is applicable to the defendant or the applicable amendment listed in subsection (c) does not have the effect of lowering the defendant's guideline range. Amendment 742 is not listed in subsection (c), which is to say that it has not been made retroactive. Consequently, a reduction in Yancy's sentence is not authorized even though section 4A1.1(e) was deleted from the guidelines manual after Yancy was sentenced. Furthermore, even if section 4A1.1(e) had been made retroactive, Yancy would not be entitled to a reduction in his sentence. As noted, Yancy had a total of fifteen criminal history points, one of which was based upon section 4A1.1(e). If that one point were taken away, Yancy would still have fourteen criminal history points, so he would still have a criminal history category of VI, and his guideline imprisonment range would remain 92 to 115 months.

For all of these reasons, Yancy's motion for reduction of his sentence is denied.

Yancy also has filed a motion for appointment of new counsel. He argues that he should be given credit for time served in the Pulaski County Jail and that he has never received his presentence report from his previous lawyer. With respect to the credit for time served, Yancy will need to

pursue that issue through the administrative process provided by the Bureau of Prisons. As to the presentence report, for security reasons, those are customarily not sent to prisoners incarcerated in the Bureau of Prisons. The motion for appointment of counsel is denied.

IT IS SO ORDERED this 17th day of April, 2012.

                                                                                   _____
                                                                                    J. LEON HOLMES
                                                                                     UNITED STATES DISTRICT JUDGE