# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                                              PLAINTIFF

v.                              No. 4:08CR00138 JLH

ANTONIO YANCY                                                                   DEFENDANT

## ORDER

Antonio Yancy was indicted on April 2, 2008, on charges that he possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) after having been convicted of three felonies. Those three felonies were delivery of a controlled substance, residential burglary, and false imprisonment in the first degree. On October 20, 2009, pursuant to a written plea agreement, Yancy waived indictment and pled guilty to one charge of possessing a stolen firearm in violation of 18 U.S.C. § 922(j). On January 28, 2010, Yancy was sentenced to 108 months imprisonment. He did not appeal.

In April of 2012, Yancy filed a *pro se* motion for reduction of his sentence for substantial assistance pursuant to Rule 35(b)(1) of the Federal Rules of Criminal Procedure, which provides that upon the government's motion made within one year of sentencing, the Court may reduce a defendant's sentence for substantial assistance. The Court denied Yancy's motion because the government had not filed a motion and because more than one year had passed. The Court also noted that it can compel the government to file a motion for downward departure only when the defendant makes a showing of an unconstitutional motive or that there was no legitimate governmental reason for its decision.

On November 19, 2012, Yancy filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Although he has completed the form petition to indicate that he has

four grounds for relief, all of them boil down to the proposition that he is reiterating his claim that he provided substantial assistance to the government and therefore is entitled to a downward departure pursuant to Rule 35.

The government first argues that Yancy's petition is barred by the one-year period of limitations in 28 U.S.C. § 2255(f)(1). Yancy responds by stating that he was told by the FBI case agent that the government was going to file a motion for downward departure on his behalf. Assuming without deciding that that assertion is a sufficient factual basis for equitable tolling, the Court will reach the merits of Yancy's claim.

As this Court previously held, Rule 35(b)(1) provides for a reduction in sentence upon the government's motion made within one year of sentencing. The government has not filed a Rule 35 motion, and more than one year has passed since Yancy was sentenced. The Court can compel the government to make a motion for downward departure only when the defendant shows either an unconstitutional motive by the government or no legitimate governmental reason for its decision. *United States v. Nash*, 434 Fed. Appx. 572 (8th Cir. 2011). Yancy's section 2255 motion does not allege that there was any unconstitutional motive by the government, nor does he offer any basis for concluding that there is no legitimate governmental reason for its decision. The government, in its response, says that Yancy did not provide substantial assistance which the United States Attorney considers sufficient to merit a motion for downward departure. That is certainly a legitimate, nondiscriminatory reason for declining to make a motion for downward departure.

Moreover, as the government points out in its response, Yancy received a significant benefit in his plea agreement. Based on the original indictment, Yancy could have been subject to a mandatory minimum sentence of fifteen years pursuant to 18 U.S.C. § 924(e). Instead, he was

allowed to plead guilty to a charge of violating section 922(j), which has a maximum term of imprisonment of ten years. This history is inconsistent with any claim that the government's actions were motivated by an unconstitutional motive or that there was no legitimate reason for the government's action.

Yancy was not convicted or sentenced in violation of the constitution or laws of the United States. Therefore, the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Document #72. No certificate of appealability will be issued.

IT IS SO ORDERED this 23rd day of January, 2013.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE